**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05-cr-71 |
| ) | |
| Patrick Clowers, ) | **ORDER DENYING MOTIONS** |
| ) | |
| Defendant. ) | |

_____

Before the Court are the defendant's motion to suppress evidence, motion to suppress statements, and motion to unseal affidavit. The United States resists the motions. For the reasons explained below the Court will deny the motions.

## I.    BACKGROUND

In June of 2001 the defendant, who is from Colorado, was in Bismarck working as a claims adjuster for an insurance company assessing hail damage. He had hired a local teenager to assist him in the processing of claims. The teenager was a seventeen-year-old boy. Most of the work was done out of the defendant's motel room.

At approximately 1:00 p.m. on June 28, 2001, the defendant left the teenager alone in his motel room with authority to use the defendant's laptop computer to process claims. The teenager discovered what appeared to be images of child pornography on the defendant's computer. Also observed were images of the defendant engaging in sexual activity with another male.

The teenager reported what he saw to the Bismarck Police shortly before 8:00 p.m. on

1

June 28, 2001.  A search warrant was obtained for the defendant's motel room, computer, and related materials.  The search warrant was issued at 9:50 p.m. on June 28, 2001.  A night search was authorized.  The search warrant was executed later that evening.  Numerous images of child pornography were discovered on the defendant's computer.

The defendant was interviewed at the hotel in connection with the execution.  He agreed to continue the interview at the police station even though he was not arrested.  The defendant signed a written waiver of his Miranda rights.  He admitted only that the pornography on his computer was readily available on the internet.  He denied any knowledge of images of minors on his computer.  When the defendant was asked about other movies or pictures he ended the interview and was taken back to his hotel.

## II.     DISCUSSION

### A.  Search Warrant

The defendant asks the Court to suppress all evidence gathered during the search of his motel room laptop computer.  The search was conducted pursuant to a search warrant.  The defendant alleges the search warrant was insufficient on its face, there was no probable cause for the issuance of the warrant, the warrant did not describe the property to be seized, and the warrant was illegally executed.  When a defendant challenges a search conducted pursuant to a warrant, the burden of proof is upon the defendant. See United States v. Carhee, 27 F.3d 1493, 1496 (10th Cir. 1994); see also Wayne R. LaFave, Search and Seizure § 11.2(b) at 42 (4th ed. 2004); cf United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998)(burden on the defendant to show an affidavit made in support of search warrant application was misleading).  The defendant in this case has provided no substance to support his assertions.

A search warrant must be based upon a judicial finding of probable cause in order to be valid. United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003).  Probable cause is defined as a fair probability that contraband or evidence of a crime will be found at the location to be searched. Id.  The issuing judge must make a practical, commonsense decision based on the facts set forth in the affidavit before her that probable cause exists. Id.

The Court has reviewed the warrant and the transcript of the proceeding before the state court judge who issued the warrant.  The Court finds probable cause for the issuance of the warrant was present.  The teenager reported the incident the same day it occurred and the warrant application was also made that same day.  Thus, the information was fresh.  One of the images observed was titled "11-year-old boy."  The teenager related that the boy in the image appeared to be ten to twelve years old.  Police confirmed the defendant was staying at the Comfort Suites.  The information provided by the teenager who observed the child pornography on the defendant's computer was sufficient for the issuance of the warrant.

The warrant itself would appear to be facially valid.  Search warrants must describe with particularity the things to be seized in order to prevent generalized searches from occurring. See Wayne R. LaFave, Search and Seizure § 4.6(a) (4th ed. 2004).  A search warrant should be sufficiently definite so that the law enforcement officer conducting the search can identify the property sought with reasonable certainty. Id.  The search warrant in this case describes the motel room to be searched as "Room 238, Comfort Suites, 929 Gateway Avenue, Bismarck, Burleigh County, North Dakota."  The personal property to be searched is described as follows:

   *Compaq Presario laptop computer, black in color, including storage devices such as hard drives, Zip disks, and floppy disks
   *information or records contained within the above computer depicting child pornography

The Court sees no deficiency in these descriptions.

**B. Statements**

The defendant moves the Court to suppress any and all statements made by the defendant to law enforcement on June 28, 2001. The defendant alleges he was subjected to custodial interrogation without benefit of Miranda warnings. He also alleges any statements made were not voluntary. The defendant has provided the Court with no factual basis upon which to analyze his motion. The United States has provided a copy of a signed waiver of rights form which was executed at 11:35 p.m. on June 28, 2001. The information provided by the United States shows the defendant was not arrested but rather returned to his motel when he requested questioning cease. The Court will not suppress evidence based upon the defendant's unsupported assertions that his Fourth Amendment rights were violated.

**C. Affidavit**

The defendant has moved the Court to "unseal affidavit in support of search warrant." The defendant has not specified whose affidavit he would like unsealed. The warrant issued for the search of the defendant's motel room and computer was issued by a state court judge after hearing sworn testimony from a Bismarck police officer. A copy of this testimony was provided as an exhibit to the United State's response. The United States does not object to unsealing any affidavit if one does exist. It is doubtful such an affidavit exists. It is unclear to the Court who made the affidavit and for what purpose and why it is sealed. The defendant has failed to provide the Court with sufficient information upon which to act. The motion will be denied.

**III.   CONCLUSION**

The motions will be denied without prejudice primarily because they were filed without

supporting briefs, affidavits, or other documentation.  For the reasons explained above, the defendant's motion to suppress evidence, motion to suppress statements and motion to unseal affidavit are **DENIED** without prejudice**.**

    **IT IS SO ORDERED.**

Dated this 20th day of March, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court
